At the outset, I want to just mention that, unfortunately, Justice Lampkin, who is a member of our panel this morning, will not be able to be with us, but she will be listening to the tapes and listening to the arguments that way as well. All right? Can you call the first case? Case number 15-1087. A.M. Realty v. MSMC Realty. Okay, would counsels approach, please? Oh, no, you don't. Just stay up there. All right, and would you state your names for the record? Christopher Carmichael, on behalf of the FLE. Okay. Alexandra Tremberman, on behalf of the FLE. Okay, so we have 15 minutes apiece. Tyler Caraballo, yes? Yes. Okay. Oh, yeah, you're in. Sorry. Okay. Proceed. All right, before you start, let me ask you a question. Doesn't the trial court's holding contradict our prior opinion? Indeed it does, Your Honor. Okay. All right, now you explain to me how, when they do not follow our opinion, that we could give you any relief. How could we do that? Well, the lower court did not follow your opinion. It's actually, it supports my argument here in that the court dismissed finding that the sale of the property would entitle the appellant to double recovery. When this court, only about a year and a half ago, found that the sale of the property is immaterial to the recovery in this case. Well, what we held was that the defendant's obligation to pay had accrued prior to the end of the lease. That is exactly correct, Your Honor. And the trial court didn't follow that, did they? They did not. They dismissed the case finding that the sale of the property would entitle the appellant to double recovery. But here's the problem. We're the court of review. Yes, Your Honor. When we direct the lower court to do something, they have to do it. And they didn't do it. I absolutely agree with you, Your Honor. They did not do it. Okay, proceed. I'll start with the more familiar phrase, may it please the court. This is a breach of contract matter where the lower court erroneously granted defendants motion for summary judgment and dismissed the case. It did so erroneously because there is a genuine issue of material fact. Now, the standard of review And what is that genuine issue of material fact? An issue of fact No, I mean in this case. Oh, in this case, that the intent of the parties was for the landlord to be fully compensated for the HVAC improvement costs it expended pursuant to the tenant's requirements. And what about the lease? The lease was already terminated, so isn't the agreement over with? The lease indeed had a five-year term. However, as this court found, mentioned prior about a year and a half ago, the sale of the property and the term of the lease were immaterial because the debt had matured prior to the end of the lease. And the debt was to be repaid to the landlord over 15 years. We have at least the language of the lease itself presents an issue of material fact to be tried and not for the summary judgment. And as this court stated, summary judgment determines the existence of trial issues of fact, not try them. That was in Monte v. Hawkins. It's a 1984 case. In Payne v. Pauly, Supreme Court case of 1989, the court reversed the grant of summary judgment because it found that the lower court did not properly view the facts in light most favorable to the non-moving. And this is exactly what happened in this case. Whether an obligation to pay ceased with the termination of the lease is a question of fact. The lease contains language that at least conflicts with the five-year term here, requiring payments for the HVAC improvements to the landlord until the landlord is fully compensated. Genuine issue of fact exists also because parties present two vastly different stories. The tenant will argue before you that the obligation to pay HVAC improvements ended with the lease term. The lease survival clause did not protect the right to collect. And the landlord sold the building anyways. That it would receive double recovery for the HVAC improvements. The landlord plaintiff, however, presents two arguments that will easily demonstrate the defendant's arguments are faulty while the lease provides for and protects the landlord's right to collect fully for the HVAC improvements. As discussed previously, the HVAC debt matured before the end of the lease term or the sale of the property. Once again, because this lease belongs to a class of divisible contracts, upon the landlord's performance of his HVAC obligation, the debt had matured and had to be repaid back to the landlord over 15 years. We have the express language in the lease that provides for a 15-year amortization schedule of repayment back to the landlord of the entire amount expended on HVAC improvements. And the divisible lease theory is under Metropolitan Trust Company v. Fishman, which is exactly the case this Court relied upon when the first appeal was filed. A divisible contract is one contract and not several in that performance on one side of each of its successive divisions, the other party becomes indebted for the agreed price of the division, which is recoverable in spite of the subsequent breach by the performing party. So your argument here is that if you were to pay the debt, it's contingent on the plaintiff fully meeting their obligation? Yes, Your Honor. So your argument here is that they haven't fully met their obligation? No, the argument, the defendant is not arguing that. The defendant is simply arguing that their obligation to pay for the HVAC improvement ceased with the end of the lease. While we are presenting an argument that the lease provides for a 15-year repayment in full and it's a divisible part of the contract, while the landlord has fully performed his obligations, he needs to get compensated for the entire amount of HVAC improvements expended. And should this Court find that the term of the lease does in fact play a role here? Well, the review of the survival clause clearly provides for a remedy, for a landlord's remedy to collect for the entire obligation, for the entire HVAC obligation. If I may read it off to you just really quickly, because it is very important, the survival clause provides the remedies permitted by Section 7 and the tenant's indemnities shall survive the ending of this lease. Now, Section 702, which is part of the Section 7, provides landlord, in addition to the remedies given in this lease or under the law, may do any one or more of the following, which is that Section 3 provides all other remedies available at law or in equity or whatever is under this lease. And this lease clearly has the express language allowing the landlord to collect for HVAC improvements over a 15-year term. And then we're just going to go back to the sale of the property argument. Again, should this Court decide that the sale does play a role, the application of the double recovery theory was completely misapplied by the lower court because it relied on manipulation and misrepresentation of the Defendant's Counsel of Andrew Duran's deposition, where he actually never testified that the purchase price negotiated to purchase the subject property in fact included the HVAC obligation. It didn't. There was no testimony to that effect, so the Court misapplied the theory of double recovery. And finally, if we look at the language of the lease, it clearly provides that it was the intention of the parties that the tenant that compensates the landlord for HVAC improvements. If we look at the language of Section 3.02, it says all improvements other than the bathrooms. It doesn't say other than two-thirds of HVAC improvements or anything to that extent. It says all improvements at tenant's expense to be provided by a landlord, and later the landlord will receive compensation for construction costs over five years and for HVAC over 15 years. The interest for the improvements is also to be added into the compensation because the landlord had to borrow funds in order to complete those construction improvements along with the HVAC. And as the score in Fox v. Commercial Coal Laundry System said, the contract should be given a fair and reasonable interpretation based on consideration of all its language and provisions. The language here clearly gives us, we can determine that the tenant intended for the landlord to repay the entire amount for HVAC improvements. And if the intention of the parties is not fully clear, the landlord offered additional evidence. We have emails, correspondence between the parties where in the email it says total construction costs includes the entire amount of HVAC improvements to be repaid to the landlord. Those do play an essential role. In conclusion, the language of the lease at least raises an issue of fact and motion for summary judgment should not have been granted. Thank you. Before you start, let me hear what you have to say about the trial court's holding. Does it contradict our prior opinion? It does not, Your Honor. It doesn't? No. Your prior opinion was a standing issue on whether or not they could just bring the lawsuit solely because the building was sold a year after the lease ended. The court ruled that they could bring the lawsuit and at least allege what they're alleging, which is their own money. The question the trial court reached was the question on the merits, which this court expressly said it was not reaching. In fact, I think the last time the merits was argued and the court said the fourth argument is an argument on the merits, but since the trial court made no ruling on the merits, we're not going to reach it. You're going to remand to the trial court. So the trial court then, after that, reached the merits. The standing issue. Didn't we say if there's a debtor's plaintiff claims in this complaint it matured before the property was sold? Didn't we say that last time? Yes. If there was a debt. Isn't that what this is all about? No, Your Honor. This is a merits issue about the interpretation of the actual lease now as opposed to the standing issue. So the question here is whether or not on the lease, the merits issue, whether the parties agreed to continue paying after the lease term ended. So we have a five-year lease, and the principal issue is whether or not the parties said we're going to pay ten more years after that lease ends for a five-year lease. And so the court was construing that lease as a merits issue onto whether or not the parties had agreed to pay beyond the five-year term. I don't know. I thought it was pretty clear. I guess not clear enough. Well, if the court had somehow ruled that way, then there would have been no reason to remand for consideration of the merits. The court would have just entered judgment at this point on a standing issue on a motion to dismiss, which obviously. You still have the issue as to when the matter matured. Well, the maturity issue was as to whether or not they could bring an action period, because the issue was whether or not the lease at the last time transferred to the new landowner, which leases typically do in most situations. This lease was already ended before then, and the question therefore was that it wouldn't have transferred because anything that might have been due would have been due before the building was sold. So that was the maturity issue the last time, which gave them standing to allege it. It does not dictate that they automatically win below on the merits. Obviously, the court never reached that issue, and they explicitly said that before. And obviously, as this court and other courts have held numerous times, a ruling on a motion to dismiss doesn't necessarily dictate the outcome on a motion for summary judgment. A court can deny a motion to dismiss and grant a motion for summary judgment, and this court can review a motion to dismiss, decide the motion to dismiss was incorrectly granted, and find that the motion for summary judgment was granted correctly. So this case and this appeal is about, at this point, whether or not the contract provides for payments for 10 years after the lease term ends, which is a contract interpretation issue on a merits issue that the court didn't reach the last time. If we take a look, they're pointing out in their reply that the survival clause says remedies, generally. Obviously, as we point out, the parties could have easily inserted something in there to say Section 3.02A.3 survives. That's easy enough to write in there. It's not even a word, really. It's some numbers. Throw that in there, and no question, they'd be right then. But they didn't. And normally, when you could easily insert something, very easily in this instance, you don't add it later. And it should be construed against the drafter, the landlord here, who could have easily inserted that as a survival obligation. Also, you should take a look, since we do construe the lease as a whole, which both parties appear to agree on, you take a look at the landlord remedies, which they say survive. And if you take a look at landlord's remedies, Section 7.02C, where it talks about the landlord recovering, it says the landlord can recover the indebtedness accrued to the date the lease ends. And then it says again in another sentence, during the remainder of the term. And it says in another sentence, during the remainder of the term. Each time it says what the landlord can recover, it references back to the term of the lease, and references back to the remainder of that term of the lease. And the term of the lease, nobody disputes, is five years. It's on the first page. And that's also in Section 2. It says the tenant's going to pay rent each month during the term. And nobody disagrees that during the term, these amounts were paid. The question is whether or not they would continue for ten more years, which is still now, even theoretically under their theory, it's going to go to 2020. So whether or not a party agreed to keep part of a lease essentially going, part of a contract going, for ten more years. And certainly there's nothing explicit saying we're going to pay you for ten more years. And if you look at the other provisions in the contract, they all say the obligations end at the term. And that's fairly consistent with the law, which is when a contract ends, the obligations end, right? It's fairly simple. If your contract's over, your obligations are over. So the parties here, they knew when they said amortization, that's spreading the cost of something over a period of years. So they did five years for the improvements to the offices. So they built out the offices. They said five years. for the improvements to the building, which the landlord keeps after the lease is over. They said 15 years. We're going to pay for five of that. So the landlord would have gotten the next tenant to pay higher rent, because they've got an improved building. They might not, if you take a look at office space, office space might have to be redone for a new tenant. So obviously you pay for that in a five-year. The 15-year, the tenant only pays for what it's using. That's fairly reasonable and fairly clear interpretation from the whole entire contract. And it's consistent with amortization as a whole. As a concept, it's the useful life of something. These, obviously, the air conditioners that were actually issued, last for more than five years. They last for 15 years and are a substantial improvement to the property. Was this lease ever assigned? No, because it had ended. So the tenancy ended and the tenant moved out, so the lease was never assigned. In fact, the building wasn't even sold until, I believe, basically a year after the lease ended. So the appellant points to parole evidence, which we obviously know they didn't bother to raise until the motion to reconsider, which is too late. But even if you take a look at that parole evidence, I think it's worth looking at because the parole evidence shows, again, five years of payments. They recognize that there's this 15-year amortization, which is just the spreading out of the cost. Because if you didn't spread it out 15 years, you've got to pick some numbers to spread it out, and it's a 15-year useful life. So you look at the parole evidence, and in that, there's a schedule where they're showing the payments, and it ends in 2010, again, at the end of the lease. They don't say, hey, there's more payments coming after this. And they certainly could have said that. And there's an email from the parties, and it says, rent's going to be paid to you each month for the next five years. Again, it's going to end in 2010. No one says, oh, we're going to keep paying you for ten more years. That's a pretty big obligation, right? The lease is only five years. More than double the term afterward, you're going to keep going. And nobody says, hey, we're going to keep paying for ten more years. There's nothing in the lease that explicitly says, we're going to pay for ten more years. The survival clause doesn't say, this provision should survive and you should pay for ten more years. And you look at the other provisions of the lease, and they all say you pay during the term. And if somehow something went wrong, the tenant would have to pay for what's owed during the term. The maturity argument, again, was an issue of standing. But if you follow it to its conclusion, I don't think it leads you to a correct place in the law. Because if you think about it, they theoretically would be saying that the entire amount was due the second the lease was signed, the second the improvements were done. And that's clearly not what happened. It's not even what they allege in their complaint. In fact, in their verified complaint, they allege it was a term payments over time. And their theory about the contract is, again, that this was a 15-year payment term, not that it was due as a whole sum. Did the plaintiff here fully meet their obligations under the contract? Yes. In what capacity? They provided the rental space. They improved the property. So as landlord, you build it out, and then you provide the tenant with the space and cleaning and whatever other obligations are required during the term of the lease. Are these all conditions that the trial court considered when it made its ruling on the motion? Well, there was no dispute as to the provision of these things, Your Honor. It was just that the only issue here for the parties is what would happen after the lease term ended. So did the lease require the parties to continue paying after the lease term ended, or did, at the end of the term, the obligation to pay end? But is it also contingent on whether or not the plaintiff fulfilled their obligation in order of whether or not the payments are due and all? No, Your Honor, because the question is really whether or not the parties agreed on that lease. I don't think anybody disputes that both parties performed their obligations fine during the term of the lease. So the question is whether or not after the lease ended that there was an obligation to continue paying. So you don't think it's an issue that the defendant's obligation to pay had accrued prior to the end of the lease? As a matter of standing, Your Honor, if there was an obligation to pay, I think that the court ruled on that before. As a matter of whether or not the lease says that the parties had to continue, the parties would continue being paid, I think that's the issue the trial court ruled on. And there's nothing in the lease itself that says that there's an obligation to continue paying after the term ends. And, in fact, the lease says in repeated places that payment is during the term and not after. And there's certainly nothing that says that the payment would survive the termination of the lease. No, but didn't we hold that the defendant's obligation to pay had accrued prior to the end of the lease? Wasn't that our holding? Your holding, Your Honor, was if there was an obligation, it would have accrued, I believe is the language the court used. Right, right. If there was an obligation, it would have accrued. Yeah, prior to the property being sold. And wasn't that totally disregarded there? Not at all, Your Honor. Well, show me how. So how is that on a standing issue? If there was an obligation, it had matured prior to the sale of property. So the lease term ended, and a year later they sold the property. So, again, the lease was not a lease that transferred with the property because it wasn't an active lease the court held. And if there was an obligation to pay, the obligation would have been there prior to the sale, and therefore they could have standing to bring that claim. The court then took a look at the actual merits of the parties' arguments, not the standing issue at all anymore because there wasn't an issue of standing for consideration. The court took a look at the merits, which is the parties' arguments about how the contract should be interpreted, which is the argument the court explicitly did not, this court did not reach the last time, and said, well, did the parties agree that the obligations would continue ten years after the lease ended? And that's what the court held, and that is a different issue than the standing issue that just merely gives them the right to bring a claim. It's much like the gentleman who gets injured who says, that party injured me, he has standing to make that allegation. Whether or not it's true is a different issue and the issue the court subsequently ruled on in the merits. Well, if a court makes a finding, as this court did that the defendant's alleged obligation to pay had accrued prior to the end of the lease, that's the law of the case, isn't it? Sure, Your Honor, but that's an alleged obligation on a motion to dismiss on a standing issue. It can't be a merits issue. Well, you know, standing issue or whatever issue, that was what was decided. It doesn't make a difference whether it's standing or not standing. What does that have to do with anything? Well, it does in that, Your Honor, it's deciding whether or not the parties are going to bring the lawsuit. You mean we can say one thing on one issue and change our mind on another issue? I mean, where does a court get the right to do that? No, no, Your Honor. So it was a motion to dismiss on an allegation of a complaint, and that's what the court ruled on. I mean, the court did not, the issue on the merits obviously goes to a summary judgment where there's evidence presented, and the question is whether it's a genuine issue of material fact.  explicitly not considering it. No, but we made a finding that the alleged obligation to pay had accrued prior to the end of the lease, and that's a finding that goes throughout the case. It's the law of the case. Sure, Your Honor. Not for one issue, not for half an issue, but for all issues. But your finding was based on an allegation of complaint saying if they've alleged this and if there's something due, they can bring the claim, not that there is something due. The court, the appellate court, on a motion to dismiss can't make a factual finding saying that this is true and saying that therefore there's an amount due on just a complaint that was before it. They were talking about when it accrued. That's all. When it accrued. Yes, and if it accrued is what the court said. So the court said if it accrued, it accrued before the lease, before the property was sold, and they can bring the claim. It did not say, as a matter of fact, we're finding that the amount accrued and therefore their judgment should be entered for them. Obviously on a complaint, that's the only thing before an appellate court. It can't make a factual finding that would then govern the merits of the case later. It made a finding that they had standing if, based on their allegations, the obligation had matured and then let the trial court decide whether or not there was an obligation. That's the merits issue versus the motion to dismiss standing issue. So there isn't a conflict between this court's ruling there, and there can't be a conflict because obviously an appellate court, Supreme Court, can't make a factual finding on a motion to dismiss. It's just merely an allegation finding that that's what they had alleged. And certainly that is what they had alleged. And so therefore the court reversed the last time and said consider the merits, which is where we're presenting today the merits question about whether or not the parties had actually substantively agreed to that, not whether there's an allegation, but whether they had substantively agreed to pay 10 years after the lease ended. And that, we think, is fairly clear based on the terms of the contract that the parties did not agree to continue paying for 10 more years. I would point out as well that this argument about the obligation maturing was not an argument they raised until their motion to reconsider, by the way. Again, the only argument they raised in their response to summary judgment was they felt that Section 3.02 required payment for 15 years. It was solely a contract interpretation argument that was argued at summary judgment and not anything else until a motion to reconsider. And they themselves, in their verified complaint, say this was a payment thing that went over 15 years. They don't say it was something that was due immediately at any point. They say this was a payment over 15 years, structured payments. And that's in their verified complaint, which is a binding judicial admission on their position. So for that reason, Your Honors, we'd ask that you affirm the trial court's ruling on the merits of the case. Thank you. Your Honors, just a few additional issues. The maturity argument does stand strong. The landlord completed his HVAC obligations. That that had matured, just had to be rebated over 15 years. And counsel's application of the five-year term only really applies to rent. Yes, throughout the lease, it does indicate the payment of rent to be due over five years, that the five-year term applies. But again, it's to rent. And one important point, Your Honor asked about the assignment of the lease. And this lease was, in fact, assigned. There was an assignment to the defendant here. There was a previous tenant, SSM, and they assigned the lease to the defendant almost at the end of the lease term, by the way. So maybe that's why we're here today, is because they do, in fact, do not want to take on that obligation. They just take on a lease and there's additional 10 years of payments. Truly understood, Your Honor. On this, I will conclude my presentation. Thank you. Thank you very much. Okay, the court wants to thank counsels for a well-argued matter and well-briefed. The court will take this under advisement. And Mary, if you could call the next case, please.